THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-169-D

QUIANA CLADY,  )
　　　　　　　　)
　　　　　Plaintiff,  )
　　　　　　　　)
　v.  )　　**ORDER**
　　　　　　　　)
JEFFERY BRIAN STEWART, and  )
HIGHLAND PAVING CO., LLC,  )
　　　　　　　　)
　　　　　Defendants.  )

Quiana Clady ("Clady" or "plaintiff") sued Jeffery Brian Stewart and Highland Paving Co., LLC ("defendants") alleging employment discrimination and various state-law tort claims. See [D.E. 1-2]. Thereafter, Clady essentially abandoned the lawsuit and ignored this court's orders. See [D.E. 21, 28, 34]. On February 9, 2022, defendants moved to dismiss plaintiff's complaint [D.E. 29, 32], and Clady has failed to respond. Cf. [D.E. 34]. As explained below, the court grants each defendant's motion to dismiss.

I.

A lawyer filed this action for Clady [D.E. 1-2, 7, 14], but Clady is now proceeding pro se. See [D.E. 20, 21]. On February 9, 2022, Clady had not filed a notice of self-representation or had a new attorney appear on her behalf, despite the court ordering her to do so. See [D.E. 21]. Since Clady began proceeding pro se, the post office has returned as undeliverable mail sent to Clady at her last known address [D.E. 22]. Defendants sent discovery requests to Clady, but Clady ignored them. Defendants also sent correspondence to Clady about the past-due discovery, but Clady ignored the correspondence too. Thereafter, both defendants filed motions to compel. See [D.E. 23, 25].

On December 21, 2021, the court granted defendants' respective motions to compel. See [D.E. 28]. The court ordered Clady to "fully and completely respond to the discovery requests and produce the requested documents no later than 21 days after the entry of this order." Id. Additionally, the court warned Clady that "if she does not comply with this order, the court may sanction her by, among other things, dismissing her case." Id.

Clady failed to respond to the discovery requests, and she ignored this court's order. On February 9, 2022, both defendants filed a motion to dismiss. See [D.E. 29, 32]. On February 9, 2022, the court directed Clady to respond to the defendants' motions on or before March 7, 2022, and notified Clady that if she failed to respond, the court may grant the motions and dismiss her case. See [D.E. 31, 34]; see also Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Clady failed to respond.

II.

A party may seek sanctions against a party who fails to obey a discovery order to provide or permit discovery. See Fed. R. Civ. P. 37(b)(2)(A). Sanctions may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); see Rabb v. Amatex Corp., 769 F.2d 996, 999–1000 (4th Cir. 1985).

A court should consider four factors to determine whether to impose sanctions under Rule 37. See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003); Belk v. Charlotte-Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir. 2001) (en banc). A court should consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would . . . be[] effective." S. States Rack & Fixture, 318 F.3d at 597; see Beach Mart, Inc. v. L&L Wings, Inc., 784 F. App'x 118, 123–24 (4th

2

Cir. 2019) (unpublished); D'Orazio v. OSD Holdings, Inc., No. 5:16-CV-11-D, 2017 WL 888225, at *2 (E.D.N.C. Mar. 6, 2017) (unpublished), adopted by 2017 WL 2537243 (E.D.N.C. June 9, 2017) (unpublished). "Although, some courts require a showing of bad faith before imposing sanctions, the Fourth Circuit requires only a showing of fault, with the degree of fault impacting the severity of sanctions." Sampson v. City of Cambridge, 251 F.R.D. 172, 179 (D. Md. 2008); see Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001). Sanctions such as dismissal and default judgment are appropriate "where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules" governing discovery. Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989).

In D'Orazio v. OSL Holdings, Inc., this court applied the four factors and concluded that dismissal of the defendant's counterclaim was warranted as a sanction due to defendant's failure to provide initial disclosures and discovery responses the court ordered. D'Orazio, 2017 WL 2537243, at *2 (incorporating by reference the analysis in D'Orazio, 2017 WL 888225, at *2). On the first factor, the court found that the defendant acted in bad faith by willfully refusing to participate in the lawsuit. See D'Orazio, 2017 WL 888225, at *2. On the second factor, the court found that the defendant's refusal to provide discovery had prejudiced plaintiff's ability to pursue the lawsuit. See id. On the third factor, the court noted that the defendant had filed a counterclaim and then essentially abandoned the case. See id. Finally, the court found that less drastic sanctions were not appropriate because the defendant had abandoned the case and was refusing to reply to the plaintiff's requests. See id. Upon defendant's failure to comply with this court's order to produce initial disclosures and discovery responses within the stated deadline, the court dismissed the defendant's counterclaim with prejudice and entered judgment in favor of plaintiff. See D'Orazio, 2017 WL 2537243, at *2.

3

As in D'Orazio, Clady acted in bad faith by willfully refusing to participate in her own lawsuit. Since her counsel withdrew, Clady has ignored all communications from defense counsel and the court. Moreover, Clady's nonparticipation has prejudiced defendants. They received no discovery from Clady, which adversely affects their ability to defend this lawsuit. Furthermore, the court needs to deter parties from filing lawsuits and then ignoring them. Finally, no less drastic sanctions are appropriate. Clady never sought to dismiss her case voluntarily and has ignored every communication from defendants and the court, even after warnings that her failure to comply could result in dismissal of her complaint. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40 (4th Cir. 1995).

Dismissal is a drastic sanction, but it is warranted when a party demonstrates "bad faith and callous disregard for the authority of the" court and the Federal Rules of Civil Procedure. Mut. Fed. Sav. & Loan Ass'n, 872 F.2d at 92; see Link v. Wabash R.R., 370 U.S. 626, 629 (1962). This principle applies here. See, e.g., Wright v. Thomas, No. 5:14-CV-85-BO, 2016 WL 4490631, at *2 (E.D.N.C. Aug. 24, 2016) (unpublished). "Rule 37 sanctions are imposed not only to prevent unfair prejudice to the litigants but also to insure the integrity of the discovery process." Aztec Steel Co. v. Florida Steel Corp., 691 F.2d 480, 482 (11th Cir. 1982) (per curiam).

Clady's pro se status does not alter this result. "Following rules and evincing an interest in one's own proceeding do not require special legal training, but rather are universal prerequisites for an orderly judicial system, if not the hallmark of well intending individuals." Mitchell v. Winston-Salem, No. 1:04CV1103, 2006 WL 889552, at *4 (M.D.N.C. Mar. 29, 2006) (unpublished); see Rabb, 769 F.2d at 999–1000.

III.

In sum, the court GRANTS defendants' motions to dismiss [D.E. 29, 32] and DISMISSES

4

WITH PREJUDICE plaintiff's complaint. The clerk shall close the case.

SO ORDERED. This 14 day of April, 2022.

                                                   JAMES C. DEVER III
                                                   United States District Judge